**In re Joseph M. NESSER t/a Lash Sporting Goods, Debtor.**

**BOSTON RESTAURANTS— PA., INC., Movant,**

v.

**Joseph M. NESSER t/a Lash Sporting Goods, Respondent.**

**Bankruptcy No. 95–23886 JKF. Motion No. DHP & W–3.**

United States Bankruptcy Court, W.D. Pennsylvania.

March 7, 1997.

Peter N. Pross, Pittsburgh, PA, for Boston Restaurants—Pa., Inc.

Gary W. Short, Pittsburgh, PA, for Debtor.

Gary J. Gaertner, Pittsburgh, PA, Chapter 13 Trustee.

## MEMORANDUM OPINION [1]

JUDITH K. FITZGERALD, Bankruptcy Judge.

The matter before the court is the objection of Boston Restaurants—Pa., Inc. ("BRP") to Debtor's amended exemptions. In Schedule B, Personal Property, Debtor listed 500 shares of stock in BRP with the value stated as "Unknown". He also listed a cause of action against Michael Forte and BRP "for minority shareholder oppression, breach of fiduciary obligations".[2] The value of this asset is also stated as "Unknown". On his original Schedule C, Property Claimed as Exempt, Debtor stated the value of the exemption in both these assets and their market values as "Unknown." On Amended Schedule C Debtor claims an exemption of $3,145 in the stock and one dollar in the cause of action, although the market value of each asset is still stated as "Unknown* *To be determined by the Bankruptcy Court".

BRP's objection is based on

1. This Memorandum Opinion constitutes this court's findings of fact and conclusions of law. The court's jurisdiction was not at issue.

2. In our second Memorandum Opinion and Order also dated today, we found that Debtor was not a minority shareholder and that Forte did not owe fiduciary obligations to Debtor but to the corporation and that Debtor did not have standing to bring an action in his own name for his own benefit.

the reasons set forth in BRP's previously filed: Objections to Chapter 13 Plan; Motion to Dismiss Chapter 13 case or in the Alternative to Reopen Chapter 7 Case; and, the Motion to Dismiss Adversary Proceeding No. 96–02037 JKF, all of which are incorporated by reference as if fully set forth herein . . .

Objection to Exemptions, Motion No. DHP & W–3, Docket Entry 120, at ¶ 3.

 BRP objected to the plan on the grounds of feasibility. Although we found the plan to be not feasible, this is not a reason to deny exemptions. Exemptions can be amended at any time before the case is closed. Fed.R.Bankr.P. 1009(a). Leave to amend exemptions generally is denied only if the debtor has acted in bad faith, concealed assets, or if the amendment would prejudice creditors. In re Bendi, Inc., 1994 WL 11704 (Bankr.W.D.Pa., Jan. 13, 1994) at *1. Prejudice exists when a creditor has changed its position to its detriment in reliance on the debtor's original statement of exemptions. Id. at n. 3. None of these circumstances exists here.

BRP also contended that the cause of action is an asset of the chapter 7 case. In our second Memorandum Opinion of this date, we agreed. An exemption can only be claimed in property of the estate. 11 U.S.C. § 522(b).[3] Because the cause of action is not property of the chapter 13 estate, Debtor cannot claim it as exempt.

The stock, however, is an asset of the chapter 13. It was abandoned in Debtor's former chapter 7 and came into the chapter 13 when the petition was filed. At the time this opinion is issued, the chapter 13 is open.[4] Therefore, Debtor may amend Schedule C to claim an exemption in the stock. Therefore, BRP's objection to Debtor's claim of exemption in the stock will be overruled.

In light of the foregoing, we find that BRP's objection to Debtor's amended exemption must be sustained insofar as it relates to the claim of exemption in the cause of action against BRP and Forte because that asset is not part of the chapter 13 estate.

With respect to BRP's objection to the exemption in the stock, the objection will be overruled.

An appropriate order will be entered.

---

3. Section 522(b) provides that "an individual debtor may exempt *from property of the estate* . . ." (Emphasis added).

4. By separate Memorandum Opinion and Order this date we will dismiss the chapter 13 and reopen the chapter 7, and vacate the abandonment orders.